UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ERIC E. POTTER                                                                                          PLAINTIFF

V.                                      No. 4:21-CV-945-LPR-JTR

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                                                DEFENDANT

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Rudofsky may adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

### I.   Introduction

On July 3, 2018, Eric E. Potter ("Potter") filed a Title II application for a period of disability and disability insurance benefits. (Tr. at 10). In the application, he alleged disability beginning on November 4, 2016. *Id*. In a written decision dated February 2, 2021, an administrative law judge ("ALJ") denied the application. (Tr.

at 17). The Appeals Council denied Potter's request for review on August 27, 2021. (Tr. at 1–3). Thus, the ALJ's decision now stands as the final decision of the Commissioner. Potter has requested judicial review.

For the reasons stated below, this Court should reverse the final decision of the Commissioner and remand for further review.

## II.  The ALJ's Decision

At Step One of the required five-step analysis,[1] the ALJ found that Potter had not engaged in substantial gainful activity since November 4, 2016. (Tr. at 12). At Step Two, the ALJ determined that Potter has the following medically determinable impairments: (1) diabetes mellitus with neuropathy; (2) osteoarthritis of the right knee status post-surgery; (3) bilateral pes valgus; (4) posterior tarsal tendinitis; (5) sinus tarsitis; and (6) hypertension. *Id*. However, after considering these impairments individually and in combination, the ALJ found that there were not "severe" impairments.[2] *Id*. Thus, based on those Step Two findings, the ALJ concluded that Potter was not disabled. *Id*.

---

[1] 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g).

[2] A "severe" impairment significantly limits the claimant's physical or mental ability to perform basic work-related activities for 12 consecutive months. 20 CFR §§ 404.1520(c), 404.1509. "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 153, 158 (1987)).

## III. Discussion

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> Our review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision. Reversal is not warranted, however, merely because substantial evidence would have supported an opposite decision.

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard, in the context of administrative decisions, the Supreme Court has explained that: "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

## B. Potter's Arguments on Appeal

Potter contends that the evidence supporting the ALJ's Step Two decision to deny benefits is less than substantial. He argues that: (1) the ALJ erred in finding that Potter's impairments were non-severe; (2) the ALJ failed to fully develop the record; and (3) the ALJ failed to properly evaluate Potter's subjective complaints.

In August 2016, Potter, who is obese, was diagnosed with Type 2 diabetes, and his provider noted that is blood sugars measured in the 200's. (Tr. at 269–271). In early 2018, Karl P. Sandberg, M.D., of Chambers Memorial Clinic, prescribed an insulin regimen for Potter, as well as Glipizide to manage his diabetes. (Tr. at 254–256). Potter did not take his insulin regularly, and consequently, his blood sugars surged to the 300's. (Tr. at 308–310, 356). William Berry, M.D., also treated Potter at the Chambers Clinic; he diagnosed back pain and knee pain and prescribed Naproxen. (Tr. at 318). Dr. Berry also tracked Potter's type 2 diabetes.

In May 2018, Potter reported to Dr. Sandberg that he had chronic knee pain even after ACL repair. (Tr. at 254–256). Potter also complained of blurry vision and he sought a diabetic eye examination. (Tr. at 322–326).

Potter suffered from diabetic neuropathy in his feet and sought treatment from Veta Ferdowsian, D.P.M., at the Foot and Ankle Specialty Clinic. On September 2019, Potter told Dr. Ferdowsian that his blood sugars were above 300 and he had pain in his feet with weightbearing. (Tr. at 307–310). Dr. Ferdowsian gave Potter

heat molded insoles and a leg brace. *Id.* When Potter returned to Dr. Ferdowsian in October 2019, his blood sugars were again high. (Tr. at 310).

Potter said that his impairments made prolonged daily activities difficult. (Tr. at 196).

In September 2018, Garry Stewart M.D., performed a consultative examination on behalf of the Administration. He noted as impairments Type 2 diabetes, hypertension, osteoarthritis of the right knee, bilateral carpal tunnel syndrome, and left shoulder fracture. (Tr. at 283–288). Potter complained of headache and blurred vision. Potter also complained of nausea, vomiting, and diarrhea. *Id.* It does not appear that Dr. Stewart obtained a blood sugar reading. Dr. Stewart concluded that Potter had no functional limitations. *Id.*

Dr. Berry filled out a medical source statement in November 2019. (Tr. at 312-315). He found that Potter could stand or walk for a total of 3 hours and sit for a total of 4, and that he could lift and carry less than 10 pounds. *Id.* This means Dr. Berry did not think Potter could perform even sedentary work.[3]

The Disability Determination Services medical experts reviewed the records and found that Potter's impairments were non-severe. (Tr. at 70, 79). The ALJ adopted these findings.

---

[3] Sedentary work involves mostly sitting, with only occasional walking and standing, and lifting of no more than 10 pounds at a time. 20 C.F.R. § 404.1567(a).

Potter is an obese, insulin-dependent diabetic, with neuropathy and poor vision. At least one of his doctors opined that he could not even perform sedentary work.[4] But the ALJ disposed of this case at Step Two, ignoring the evidence of persistent high blood sugars and complications therefrom. "Dismissing an application for benefits at step two is justified only for 'those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account.'" *Anderson v. Sullivan*, 982 F.2d 525 (8th Cir. 1993) (per curiam) (citing *Bowen*, 482 U.S. at 153 and *id.* at 158 (O'Connor, J., concurring)). Potter has shown that, at the least, his diabetes is more than a slight impairment.

Moreover, Potter argues that the ALJ should have further developed the record. This claim carries some weight.

The ALJ has a duty to develop the record fully, even when the claimant is represented by counsel, and must order a consultative examination if it is necessary to make an informed decision. *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). The ALJ "acts as an examiner charged with developing the facts." *Richardson v.*

---

[4] Dr. Sandberg issued an opinion in July 2019 on a checkbox form. He did not fill out anything in the functional evaluation section, and simply said that Potter would benefit from a functional capacity evaluation. (Tr. at 301–302).

*Perales*, 402 U.S. 389, 410 (1971) and *Freeman v. Apfel*, 208 F.3d 687, 692 (8th Cir. 2000).

Because Dr. Berry's opinion was clearly opposite of the consultative examiner's opinion that Potter had no limitations, the ALJ should have recontacted Dr. Berry to get more detail about his opinion.[5] Or asked Dr. Sandberg to complete a functional assessment. Or ordered an examination to focus on complications from diabetes and diabetic neuropathy.

## IV.  Conclusion

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ erred by finding that Potter had no severe impairments, and the record was not fully developed.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further review.

DATED this 25th day of August, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] See *Brown v. Bowen*, 827 F.2d 311, 312 (8th Cir. 1987) ("The Secretary should also develop the record in regard to the medical opinion of Dr. Bery Engebretsen, Brown's treating physician…The need for this is apparent: although Engebretsen reported that Brown had 'severe degenerative arthritis' and 'chronic obstructive pulmonary disease,' the Secretary found that Brown had no severe impairments.") (citations omitted).