### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**ERIC E. POTTER**                                                                                    **PLAINTIFF**

**V.**                                                 **CASE NO. 4:21-CV-00945-LPR**

**KILOLO KIJAKAZI, Acting Commissioner,**
**Social Security Administration**                                                              **DEFENDANT**


### ORDER

Before the Court is Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).[1]  Plaintiff requests an award of $7,117.70, representing fees for 32.65 hours of work performed during the years 2021-2023, at an hourly rate of $218. Plaintiff has submitted information from the U.S. Department of Labor's Consumer Price Index (CPI) as support for the hourly rate requested.[2]  The Commissioner has filed a response.[3]  She concedes that a fee award is proper, but objects to the number of hours expended on this case.  For the reasons discussed below, Plaintiff's motion is GRANTED in part.

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney fees and expenses unless the Court determines that the Commissioner's position was "substantially justified" or special circumstances would make an award unjust.[4]  After carefully reviewing the parties' submissions and the record in this case, the Court finds that Plaintiff is entitled to an attorney fee award pursuant to the EAJA.

---

[1] Pl.'s Mot. for Attorney Fees (Doc. 18).

[2] *See* Docs. 18-2, 18-3, 18-4.

[3] Def.'s Resp. in Opp'n (Doc. 21).

[4] 28 U.S.C. § 2412(d)(1)(A).

On March 29, 1996, the statutory ceiling for EAJA fee awards was set at $125 per hour, and attorney fees cannot exceed this hourly rate unless the Court determines that a higher fee is justified based on an increase in cost of living or another special factor.[5]  The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.[6]

The Eighth Circuit has stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees" in excess of the statutory ceiling, such as a copy of the Consumer Price Index.[7]  Use of the CPI "should result in consistent hourly fee awards in each case, rather than producing disparate fee awards from each court within the district or from different districts within this circuit."[8]  The Commissioner does not object to the requested hourly rate, and the Court has approved this rate figure in prior decisions.[9]  The Court finds that the requested hourly rate is reasonable.

The Commissioner nevertheless contends that a reduction in hours is warranted.  She first objects to billing entries totaling 0.9 hours that were spent preparing the *In Forma Pauperis* Application and performing tasks related to service of process.[10]  The Commissioner suggests that the Court instead award only 0.5 hours for those entries.  The Court has reviewed the contested entries and agrees that they are largely clerical and thus not compensable (or only nominally so).[11]  The Court will accordingly reduce these entries by 0.4 hours.

---

[5] *Id*. § 2412(d)(2)(A).

[6] *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir.1989).

[7] *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

[8] *Id*.

[9] Def.'s Resp. in Opp'n (Doc. 21) at 2.

[10] Specifically, the Commissioner challenges entries dated 9/28/21, 10/10/21, 11/2/21, 11/13/21, 11/19/21, 12/27/21, 1/4/22, and 1/20/22.  *Id*.

[11] *See Granville House, Inc. v. Dept. of HEW*, 813 F.2d 881, 884 (8th Cir. 1987) (holding that work which could have been completed by support staff is not compensable under the EAJA).

The same logic applies to the 0.25 hours counsel billed on 3/22/22 for reviewing the Court's Scheduling Order and calendaring deadlines.[12]   These fees are not recoverable.  The Court also declines to compensate counsel for the 0.3 hours spent drafting and filing a motion for extension of time to file her brief and reviewing the Court's corresponding Order.[13]   Plaintiff's counsel should not be paid for work created by her inability to comply with the Court's Scheduling Order in this case.  The Court will therefore reduce these entries by 0.55 hours.

The Commissioner also contests the reasonability of the number of hours counsel spent reviewing the record and preparing the Plaintiff's appeal brief.   Plaintiff's counsel seeks compensation for 22.5 hours spent on these tasks.[14]   The Commissioner requests a reduction to 15 hours because Plaintiff's attorney was already familiar with the case at the administrative level, the transcript was very short (385 pages total, of which 112 pages were medical records), the issues on appeal were non-complex, and the brief was only 15 pages long.  The Court agrees with the Commissioner's reasoning.  At least one prior decision from this District has noted that an attorney may reasonably spend 15 to 20 hours preparing a typical brief on appeal.[15]   Plaintiff's counsel is an experienced social security attorney who frequently represents claimants in this Court.  The three issues addressed on appeal—developing the record, determining severity at Step Two, and assessing credibility—are typical and frequently briefed in these cases.  It should have taken Plaintiff's counsel no more than 15 hours to review the short, familiar record and to brief these common issues.  The Court will therefore reduce these billing entries by 7.5 hours.

---

[12] Def.'s Resp. in Opp'n (Doc. 21) at 2–3.

[13] *Id*. (citing billing entries from 3/23/22 and 3/28/22).

[14] The Commissioner tallied up 22.50 hours for record review and brief writing but did not identify specific billing entries at issue.  The Court has identified 22.50 attorney hours billed to these tasks through entries dated 9/7/21, 10/10/21, 3/22/22, 4/7/22, 4/8/22, 4/9/22, 4/11/22, 4/14/22, and 5/10/22. *See* Doc. 18-1 (Billing Records) at 1–5.

[15] *McCarty v. Astrue*, No. 4:11-cv-00022, 2012 WL 2571229, at *3 (E.D. Ark. July 2, 2012) (citing *Kramer v. Apfel*, 57 F. Supp. 2d 774, 775 (S.D. Iowa 1999)).

The Commissioner also seeks a reduction in the number of hours spent preparing the Plaintiff's request for attorney's fees. Plaintiff's attorney has requested compensation for 2.0 hours to prepare the EAJA petition. The Commissioner argues the Court should only award 1.5 hours for this entry, which is in line with a prior award this Court granted to Plaintiff's counsel.[16] The Commissioner does not offer any other justification for reducing these hours. Counsel's billing records make clear that part of this time was spent on removing billing entries and reducing the number of objectionable hours to be submitted with the fee petition.[17] The Court appreciates counsel's exercise of billing judgment and finds that the 2.0 hours spent preparing the fee petition were reasonably expended.

Based on the above, the undersigned awards Plaintiff attorney fees under the EAJA for 24.2 hours at a rate of $218. Plaintiff is thus awarded $5,275.60 in attorney fees pursuant to the EAJA. Consistent with the Commissioner's usual procedure in light of *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), payment of the fees should be issued by check to the order of Plaintiff, in care of her attorney, and mailed directly to Plaintiff's attorney.

IT IS SO ORDERED this 20th day of June 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[16] *See* Order (Doc. 24), *Eoff v. Kijakazi*, No. 4:20-cv-708, 2022 WL 2290495, at *2 (E.D. Ark. Apr. 28, 2022).

[17] Doc. 18-1 (Billing Records) at 7.